## Case No. 13,118.

### SMITH v. TRIBUNE CO.

[4 Biss. 477.][1]

Circuit Court, N. D. Illinois. July, 1867.

LIBEL — JUSTIFICATION — NEWSPAPER PRIVILEGE — PLEADING — SEPARATE PLEAS — DEMURRER — NOT GUILTY.

1. A plea of justification must be as broad as the libel, and answer every material part of the declaration.

2. An allegation that the plaintiff, in order to avoid arrest for participation in an offense, feigned insanity, and took refuge in a lunatic asylum, is a material part of the libel.

3. It is not necessary that one particular plea answer the whole libel, if the whole is answered by the different pleas. The defendant may justify separately and distinctly, but in such case the pleas should purport to answer only the particular charges.

4. It is not a good plea that the plaintiff was a public man, a lecturer and speaker, and professed to be an educator of the public, and that the defendant, a public journal, made the publication complained of with good intent, having reason to believe it to be true; a journal has no right to make specific charges against a man, unless they were actually true, and honesty of motive is not a sufficient defense.

[Cited in Upton v. Hume (Or.) 33 Pac. 813.]

[1] [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]

5. A demurrer to a count must take the innuendoes as alleged.

6. Plea of not guilty puts in issue the question whether the proof supports the innuendoes.

[This was a libel for slander by Gerrit Smith against the Tribune Company.]

Farwell & Smith, for plaintiff.

Wirt Dexter and John Van Arman, for defendant.

Before DAVIS, Circuit Justice, and DRUMMOND, District Judge.

DRUMMOND, District Judge. The declaration contains various counts, among others one referring, by proper innuendoes, to the raid of John Brown into Virginia, the offense that he committed there, and his arrest, trial and execution for the offense; and the statement in these counts is that the libel which is referred to and set forth in them intended to convey the idea that the plaintiff was an accomplice of Brown, that he aided and assisted him, and that in order to avoid an arrest for his participation in the offense of Brown he feigned insanity, fled and took refuge in a lunatic asylum.

The pleas are, in the first place, the general issue, and secondly several short pleas which purport to answer the whole declaration, and aver that the plaintiff did aid and assist John Brown in Virginia, and that he did take refuge in a lunatic asylum. There is another long plea of justification, setting forth in various forms the acts and doings of the plaintiff as a public man, which plea also purports to be a plea to the whole declaration.

The main question raised by the demurrer to these pleas is this: Is the statement in the declaration that after having participated in this act of John Brown, the plaintiff, in order to avoid the consequences of it, feigned insanity, a material part of the declaration and one which it is necessary for defendant to meet and answer?—because, confessedly, this part of the declaration is not answered by these special pleas. The plea of general issue of course answers it, but these special pleas do not purport to answer that part of the declaration.

The rule in such cases is that the plea of justification must be as broad as the libel. It must answer, in other words, the whole libellous matter, else of course it is not a good defense, and while it is true that it is not necessary that the plea should answer an immaterial portion of the publication, still it must answer every material part.

The question therefore is, Is this a material part of the libel? I think it is, and I think that it should be answered in order that the plea should be good, otherwise there is a libel which is only answered in part, and at the same time the plea purports to be an answer to the whole.

Several illustrations were given in the course of the argument to the effect that if the plea did answer the libel that a mere incident in the libel need not be answered—that it was sufficient to answer the principal charge; that that being answered, as a matter of course the incident or appurtenant to the principal charge was answered. That is true. The only question is whether you can apply it to this case and call this charge a mere incident to the principal charge. It was said that the principal charge was the participation in John Brown's raid, in his criminal enterprise, and that the other was a simple incident. If it were so, then of course the plea would be good, but the view that we took of it before, and still hold, is that it was not a mere incident; that it was a substantial, direct libel in itself to charge that a man had participated in a wrongful act, or any act, and that for the purpose of avoiding the consequences to himself from that act he feigned insanity.

It is not necessary that one particular plea should answer the whole of the libel, provided that the whole libel be answered as a defense; for example, if there is a plea of the general issue to the whole declaration, that of course constitutes a defense. Then there may be other pleas answering various parts of the libel when it consists of different parts, but in such cases the plea should only purport to answer those parts, and it would be a good plea, of course, in answer to that part; so that if the libel consists of the allegation, in the first place, that the plaintiff participated in the criminal enterprise of John Brown, and in the second place that in order to avoid the consequences of that criminal act he feigned insanity, the pleader can answer the first, leaving the rest unanswered. The only question then would be whether there was anything left to answer. If there was, as a matter of course the parties would have to go to trial on that portion of the libel which was answered, and on the rest, as in this case, on the general issue.

If this were a case of libel consisting of substantive and distinct charges, and one of them alone was answered, the rule would be apparent that in such a case the plaintiff would have a right to take a default as to the other portion and have his damages assessed as to the portion that remained unanswered, but that would not prevent the party from answering such portions as he could answer, and if he answered those successfully, there could be no damages as to them.

This, I take it, must be the rule. While it is true that the justification must be as broad as the libel, still you are not prevented from justifying separately and distinctly. The only effect of it would be that that portion you do not justify remains undefended as to that particular plea.

For this reason I think that the demurrer to these pleas must be sustained.

The last plea, which is called the "plea of privilege," is substantially this: That the de-

fendant justifies the libel or publication on this ground; that the plaintiff was a public man; that he professed to be a teacher and educator of the public; that he had been in the habit of delivering speeches and lectures from time to time, and made various publications under his own name and of which he was the recognized author, and that the defendants are the conductors and publishers of a public journal, and that they, in the exercise of a proper, fair and just spirit of criticism, made the publication complained of with good intent, having reason to believe that the statements therein contained were true.

I do not think that this is a good defense. The declaration proceeds upon the ground of distinct and separate charges being made by the defendant against the plaintiff of his having participated in the crime, or that which was recognized as such by the laws of the country, and of his having, in order to avoid the consequences of that criminal act on his part, feigned insanity.

It is not an answer to that to say that he is a public man; that he affects to be an educator of the youth of the nation, and that the defendants are the publishers of a newspaper, and that they can criticise his acts in the way that the declaration alleges that they did. Undoubtedly they can criticise his acts. They can hold him up to ridicule so far as they are justified in doing so by his public acts, by anything that he has done or said, but they have no right in doing so to make a distinct charge against him that he has committed a crime, and that, in order to avoid the consequences of it, he has feigned insanity. That would be allowing the license of a public journalist to go further, I think, than any adjudicated case would warrant. We all desire the entire freedom of the press, but it has never been understood as authorizing the bringing of charges against a man of his having committed a crime, unless those charges were true. Now there is nothing in this plea to indicate that these charges were true, but only that they had reason to believe that there was something in them, and that they were made in good faith and for honest purposes by them as the conductors of a public journal. That will not do. It would be tolerating charges in the public press against individuals simply under color of what was claimed to be a criticism. It may be said here that the motive was an honest one, but I hardly think that with an honest motive a journalist has a right to proclaim to the world that a particular individual is a thief or a murderer, or that he has committed any other crime in the catalogue of crimes. The only thing that can justify that is that it is true. Under our law, if it is true he can make it. All public men, if this were the rule, would be at the mercy of every journalist, and they could launch charges against such a man with entire impunity. I do not

feel inclined to adopt any rule which would allow such a license; therefore, as to that plea the demurrer is also sustained.

Mr. Dexter.—I have not understood that your honor or Judge DAVIS decide that the article complained of contains a charge of feigning insanity, but simply that whether that charge was contained would be a question for the jury, and that if contained, it would be libelous. I suppose your honor does not mean to say that we must justify an assertion when there might be doubt as to whether it was actually made?

THE COURT. I understand the plea of not guilty puts that in issue. They make this statement in the declaration with innuendoes and we have to take them as they are alleged. They say that when you made this publication you meant so and so. I make no decision, of course, as to whether you did or did not mean so and so.

For the rules as to construction of libel and justification, consult Whitney v. Janesville Gazette (June, 1873) [Case No. 17,590].